IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In Re: BILLY L. EDWARDS,
a.k.a. WILLIAM LORD PUNCHARD,

                      No. 15-cv-0631 MCA/SMV

    Petitioner.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before me on reference from the Honorable M. Christina Armijo, Chief United States District Judge. [Doc. 12]. The Order of Referral refers to two issues raised in the July 20, 2015 Order by the Honorable Karen B. Molzen, Chief United States Magistrate Judge, for a recommended disposition. [Doc. 1]. Those issues are the effectiveness of the Court's current restricted filer procedure and whether such a procedure is permissible.

**Background**

Petitioner is a restricted filer. *See* [Doc. 92], filed February 5, 2008 in D.N.M. No. 07cv589 MV/KBM. The Order imposing filing restrictions states that Petitioner is "a frequent filer of frivolous litigation in the New Mexico state and federal courts." *Id.* at 2. The Order further states that he has filed numerous actions from 1986 to 2007, "has caused needless expenses to opposing parties[,] and has diverted scarce judicial resources from addressing claims with merit." *Id.* at 8. The Court ordered that Petitioner may not proceed in this District unless he is represented by a licensed attorney or obtains permission from the Court to proceed pro se.

In this instance, Petitioner submitted a petition to proceed pro se, a two-page "Short Discussion," and an affidavit. [Doc. 2] at 3–8. These materials indicate that Petitioner wishes to

initiate a case in this Court on a matter arising from state court proceedings regarding a real estate contract. Chief Magistrate Judge Molzen reviewed Petitioner's materials, characterized the Short Discussion as "largely unintelligible and confusing," and decided not to permit Petitioner to proceed pro se. [Doc. 2] at 1–2. Chief Judge Armijo approved Chief Magistrate Judge Molzen's decision. Chief Magistrate Judge Molzen notified Petitioner of the Court's decision. Petitioner did not file a complaint signed by a licensed attorney admitted to practice before this Court and did not pay the $400.00 fee[1] for instituting a civil action. The Court did not open a civil case.

Petitioner submitted a second petition to proceed pro se, along with other materials, indicating that he wished to initiate a case in this Court arising from federal and state defendants' actions regarding a mining claim lease. [Doc. 3] at 3–9. After reviewing Petitioner's materials, Chief Magistrate Judge Molzen decided not to permit Petitioner to proceed pro se on this second matter. [Doc. 3] at 1–2. Chief Judge Armijo approved Chief Magistrate Judge Molzen's decision. Chief Magistrate Judge Molzen notified Petitioner of the Court's decision. Petitioner did not file a complaint signed by a licensed attorney admitted to practice before this Court and did not pay the $400.00 fee required to institute a civil action. The Court did not open a civil case on this second matter.

Petitioner subsequently submitted several documents asking the Court to grant his petitions to proceed pro se. [Docs. 4–10]. One of those documents noted that there was no case number from which Petitioner could appeal the Court's decisions not to permit Petitioner to proceed pro se. Doc. 8 at 1, 4.

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. § 1914, and a $50.00 administrative fee.

In her July 20, 2015 Order, Chief Magistrate Judge Molzen stated:

> There are two issues with the current restricted filer procedure that the Court should address. One is the effectiveness of the procedure; the other is whether such a procedure is permissible. The Tenth Circuit allows the District Court to impose filing restrictions stating:
>
>> "[E]ven onerous conditions" may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved. **The conditions cannot be so burdensome, however, as to deny a litigant meaningful access to the courts**. *See Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).
>
> *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (emphasis added). The procedure does not seem to be effective in curbing Petitioner's abusive behavior as he has continued to submit numerous documents to the Court. More importantly, because it does not allow Petitioner meaningful access to appellate review, the current procedure appears to run afoul of the Tenth Circuit's limitation on filing restrictions quoted above.

[Doc. 1] at 1–2. The Court concluded that Petitioner should be permitted to seek appellate review of the Court's decisions regarding his ability to proceed pro se. The Court also ordered the Clerk to open the instant case with all of Petitioner's submissions docketed. [Doc. 1] at 2.

Because Petitioner was denied permission to proceed pro se, is not represented by a licensed attorney, and has not paid the filing fee for this case or filed a petition to proceed *in forma pauperis*, the Court ordered Petitioner to: "(i) cause an attorney licensed to practice in this Court to enter an appearance in this case on Petitioner's behalf; and (ii) either pay the fee for instituting a new action or file an 'Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)' pursuant to 28 U.S.C. § 1915." [Doc. 11]. The Court notified Petitioner that failure to timely comply with these requirements could result in the dismissal of this case.

## Tenth Circuit Restricted Filer Procedure

The Tenth Circuit has developed its own procedure for filings by petitioners previously classified as restricted filers. The docket in *Cotner v. McCollum*, No. 14-6127, illustrates this procedure:

6/13/14  Notice of Appeal filed. 10th Cir. opens appellate case.

6/16/14  Clerk enters order sua sponte instructing Cotner to (i) pay filing fee in full or show why the three-strikes provision of the IFP statute does not apply, AND (ii) cause a licensed attorney to enter an appearance or file a petition to proceed pro se. Order gives notice that case will be dismissed if Cotner does not timely comply with both requirements.

6/30/14  Cotner files petition to proceed pro se.

7/11/14  Chief Circuit Judge files (docket says filed by Chief Circuit Judge, signature line says "entered for the court" by the Clerk, signed by counsel to the Clerk) order denying petition to proceed pro se and instructs Cotner to, within 21 days, (i) cause a licensed attorney to enter an appearance on Cotner's behalf, and (ii) pay the full $505.00 filing fee. The order states that unless both conditions are satisfied within the 21 days, the matter will be dismissed without further notice pursuant to Tenth Circuit Rule 42.1 [dismissal for failure to prosecute].

Cotner does not respond to the 7/11/14 Order.

8/5/14  Order by Clerk dismissing case for lack of prosecution.

## Findings and Recommended Disposition

The issues currently before me are 1) the effectiveness of the Court's current restricted filer procedure and 2) whether such a procedure is permissible.

I find that the Court's current procedure, under which a general civil case is not opened if the Court denies a restricted filer's petition to proceed pro se, is not always effective. The purpose behind the filing restrictions and the Court's current procedure is to deter abusive behavior by litigants. In this case, however, Petitioner continued to file numerous documents

4

even after the Court denied his petitions. These post-denial filings required Chief Magistrate Judge Molzen to divert time from her other duties to review the filings, the very thing the denials of the petitions purported to avoid.

I also find that the Court's current procedure effectively denies some restricted filers meaningful access to the courts. Under the Court's current procedure, a restricted filer whose petition to proceed pro se has been denied could petition the Court of Appeals for the Tenth Circuit for a writ of mandamus directing this Court to allow the restricted filer to file documents. However, because many restricted filers are not well versed in the law, they may not realize that this course of action is available to them. Thus, they are unable to obtain appellate review of this Court's decisions. Petitioner's filings subsequent to the denial of his petitions to proceed pro se indicate that he was not aware that he could petition the Tenth Circuit for a writ of mandamus. His filings indicate that he believes his only recourse is to appeal, which he could do because a civil case had never been initiated.

I further find that Chief Magistrate Judge Molzen's Order [Doc. 1] directing the Clerk to open a general civil case containing all of the documents submitted by Petitioner remedies both the ineffectiveness of and the potentially impermissible limit on meaningful access to the Court created by the Court's current procedure. If Petitioner does not cause an attorney to enter an appearance on his behalf, the Court will likely dismiss the case. This will avoid the diversion of significant Court resources to reviewing additional documents filed by Petitioner, with the possible exception of a Rule 59 motion to alter or amend the judgment. Petitioner will then have the opportunity to appeal the Court's decisions to the Tenth Circuit.

Finally, I find that the primary difference between the Tenth Circuit's restricted filer procedure and this Court's procedure is the action taken after a restricted filer petitions the court. The Tenth Circuit opens a case when a restricted filer files a notice of appeal. In contrast, this Court does not open a case when a restricted filer submits a petition to proceed pro se. I have not found any sound reason in law to deviate from the general procedure of opening a case when a petitioner wishes to initiate a case.[2] If the petitioner is a restricted filer, and his or her petition to proceed pro se is denied, then the restricted filer may have an attorney enter an appearance on his or her behalf. If an attorney does not enter an appearance, the Court may dismiss the case. This is similar to the Tenth Circuit's procedure.

I recommend that the Court consider modifying its current restricted filer procedure to make it more consistent with the Tenth Circuit's procedure. The Clerk apparently determines whether each person seeking to initiate a case is a restricted filer, because the Clerk routes petitions filed by restricted filers to the Chief Magistrate Judge for review instead of opening a case. In the future, I recommend that the Clerk open a case and include a staff note that the filer is restricted. The case could then be handled in a manner similar to that when a non-restricted pro se filer seeks to proceed *in forma pauperis*. The Magistrate Judge assigned to the case can grant the petition if appropriate; otherwise, the District Judge assigned to the case can deny the petition. I also recommend that the Court confer with the Clerk to discuss any proposed modifications to the current procedure before implementing them.

---

[2] The Court opens a general civil case when a pro se party submits a complaint but does not pay the filing fee or file an application to proceed *in forma pauperis*. In cases where the plaintiff mails the complaint, the Court enters an order instructing the plaintiff to either pay the filing fee or file an application to proceed *in forma pauperis*, and notifying plaintiff that failure to comply may result in dismissal of the case without prejudice. In cases where the plaintiff files the complaint in person, the Clerk's intake staff notifies the plaintiff of the requirement to pay the fee or apply for *in forma pauperis* status.

6

**THE PARTIES ARE NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party seeks appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**UNITED STATES MAGISTRATE JUDGE**