**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

In Re: BILLY L. EDWARDS,
aka WILLIAM LORD PUNCHARD,                                    No.  15cv631 MCA/SMV

                    Petitioner.

<u>**MEMORANDUM OPINION AND ORDER**</u>

**THIS MATTER** comes before the Court on Petitioner' Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 14, filed September 3, 2015 ("Application"), on United States Magistrate Judge Stephan M. Vidmar's Proposed Findings and Recommended Disposition, Doc. 18, filed September 22, 2015 ("Judge Vidmar's PFRD"), and on Petitioner's Response to Recommended Disposition, Doc. 20, filed October 7, 2015 (Objections to Judge Vidmar's PFRD).  For the reasons stated below, the Court will **GRANT** the Application to proceed *in forma pauperis*, **OVERRULE** the Objections to Judge Vidmar's PFRD, and **ADOPT** Judge Vidmar's PFRD.

**Procedural Background**

Petitioner is a restricted filer.  *See* Doc. 92, filed February 5, 2008 in D.N.M. No. 07cv589 MV/KBM.  The Order imposing filing restrictions states that Petitioner is "a frequent filer of frivolous litigation in the New Mexico state and federal courts," has filed numerous actions beginning in 1986 and continuing through 2007, "has caused needless expenses to opposing parties and has diverted scarce judicial resources from addressing claims with merit." *Id.* at 2, 8.  The Court ordered that Petitioner may not proceed in this Court unless he is represented by a licensed attorney or first obtains permission to proceed *pro se.*

Petitioner submitted a petition to proceed *pro se*, a two-page "Short Discussion," and an affidavit. *See* Doc. 2 at 3-8. Those materials indicate that Petitioner wishes to initiate a case in this Court arising from proceedings in State Court regarding a real estate contract. Chief United States Magistrate Judge Karen B. Molzen reviewed Petitioner's materials, characterized the Short Discussion as "largely unintelligible and confusing," and decided to not permit Petitioner to proceed *pro se*. Doc. 2 at 1-2. Chief United States District Judge M. Christina Armijo approved Chief Magistrate Judge Molzen's decision to not permit Petitioner to proceed *pro se*. Chief Magistrate Judge Molzen notified Petitioner of the Court's decision. Petitioner did not file a complaint signed by a licensed attorney admitted to practice before this Court and did not pay the $400.00 fee[1] for instituting a civil action. The Court did not open a civil case.

Petitioner submitted a second petition to proceed *pro se*, along with other materials, indicating that he wishes to initiate a case in this Court arising from federal and state defendants' actions regarding a mining claim lease. *See* Doc. 3 at 3-9. After reviewing Petitioner's materials, Chief Magistrate Judge Molzen decided to not permit Petitioner to proceed *pro se* on this second matter. *See* Doc. 3 at 1-2. Chief District Judge Armijo approved Chief Magistrate Judge Molzen's decision to not permit Petitioner to proceed *pro se*. Chief Magistrate Judge Molzen notified Petitioner of the Court's decision. Petitioner did not file a complaint signed by a licensed attorney admitted to practice before this Court and did not pay the $400.00 fee for instituting a civil action. The Court did not open a civil case on this second matter.

Petitioner subsequently submitted several documents asking the Court to grant his petitions to proceed *pro se*. *See* Doc's 4-10. One of those documents notes that there is no case number from which Petitioner can appeal the Court's decisions to not permit Petitioner to

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $50.00 administrative fee.

2

proceed *pro se*.  *See* Doc. 8 at 1, 4.  Chief Magistrate Judge Molzen concluded that Petitioner should be allowed to seek appellate review of the Court's decisions and ordered the Clerk to open this case with all of Petitioner's submissions docketed.  *See* Doc. 1 at 2.  Chief Magistrate Judge Molzen also identified the following two issues regarding the current restricted filer procedure of the:  (i) whether the current procedure is effective; and (ii) whether the current procedure is permissible.  *See id*.

The Clerk opened this case and assigned United States Magistrate Judge Stephan M. Vidmar to this case.  Noting that Petitioner has been denied permission to proceed *pro se*, is not represented by a licensed attorney and has not paid the filing fee for this case, Judge Vidmar ordered that Petitioner must, within 21 days: "(i) cause an attorney licensed to practice in this Court to enter an appearance in this case on Petitioner's behalf; and (ii) either pay the fee for instituting a new action or file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" pursuant to 28 U.S.C. § 1915."  Doc. 11, filed August 14, 2015 ("Judge Vidmar's Order").  Judge Vidmar notified Petitioner that failure to timely comply with either of these requirements may result in the dismissal of this case.  Petitioner subsequently filed an Application to proceed *in forma pauperis* but did not cause an attorney to enter an appearance on Petitioner's behalf.

Chief United States District Judge Armijo referred the two issues Judge Molzen identified regarding the current restricted filer procedure of the Court to Judge Vidmar for a recommended disposition.  *See* Order of Reference, Doc. 12, filed August 27, 2015. Judge Vidmar then entered his Proposed Findings and Recommended Disposition regarding whether the current restricted filer procedure is effective and permissible.  Petitioner timely filed Objections to Judge Vidmar's PFRD.

**Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit in support of his Application stating that he is unable to pay the costs of these proceedings and that the information in the Application is true. *See* Application at 1. Petitioner states that: (i) his monthly income is $727.00 in retirement and food stamps; (ii) his monthly expenses are $631.00; (iii) he has $13.00 in cash; and (iv) he is unemployed. Because he is unemployed and his monthly income only slightly exceeds his

monthly expenses, the Court finds that Petitioner is unable to prepay the fees to initiate this action.

**Petitioner's Response to Judge Vidmar's Order to Have an Attorney Enter an Appearance**

Petitioner did not comply with Judge Vidmar's Order to cause an attorney to enter an appearance on Petitioner's behalf.  Instead, Petitioner filed a Motion to Appeal in which he states that wording in the Court's previous orders has prevented Petitioner from being able to obtain an attorney:  "Your use of Words such as 'failure to comply to **Either of these'; and 'must'**; Knowing that when any attorney see the statement **'Restrictions'** (Black Ball the 14th amendment) Plaintiff would never gain an attorney's help."  Doc. 13 at 2 (**Emphasis** in original). Petitioner also states that he has contacted over 100 attorneys in Arizona, Colorado and New Mexico, has not found an attorney, and continues to seek counsel.  *See id.*

Because Petitioner has been denied permission to proceed *pro se* and because he is not represented by a licensed attorney, the Court will dismiss this case without prejudice.

**Objections to Proposed Findings and Recommended Disposition**

After deciding to deny Petitioner's two petitions to proceed *pro se* and after considering the subsequent documents submitted by Petitioner, Chief Magistrate Judge Molzen entered an Order stating:

> There are two issues with the current restricted filer procedure that the Court should address.  One is the effectiveness of the procedure; the other is whether such a procedure is permissible.  The Tenth Circuit allows the District Court to impose filing restrictions stating:
>
>> "[E]ven onerous conditions" may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved. **The conditions cannot be so burdensome, however, as to deny a litigant meaningful access to the courts**. *See* <u>Bounds v. Smith,</u> 430 U.S. 817, 97 S.Ct. 1491, <u>52 L.Ed.2d 72 (1977)</u>.

> *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (**emphasis added**).  The procedure does not seem to be effective in curbing Petitioner's abusive behavior as he has continued to submit numerous documents to the Court.  More importantly, because it does not allow Petitioner meaningful access to appellate review, the current procedure appears to run afoul of the Tenth Circuit's limitation on filing restrictions quoted above.

Doc. 1 at 1-2.

Chief District Judge Armijo referred the following two issues regarding the current restricted filer procedure of the Court to Judge Vidmar for a recommended disposition:  (i) whether the current procedure is effective; and (ii) whether the current procedure is permissible.  *See* Order of Reference, Doc. 12, filed August 27, 2015.  Judge Vidmar made the following findings:

> I find that the Court's current procedure, not opening a general civil case if the Court denies a restricted filer's petition to proceed *pro se*, is not always effective. The purpose behind the filing restrictions and the Court's current procedure is to deter abusive behavior.  In this case, however, Petitioner continued to submit numerous documents after the denial of his petitions, which required the Chief Magistrate Judge to divert time from her other duties to review *pro se* filings, the very thing the denials of the petitions purported to avoid.

> I also find that the Court's current procedure effectively denies some restricted filers meaningful access to the courts.  Under the Court's current procedure, a restricted filer whose petition to proceed *pro se* has been denied could petition the Court of Appeals for the Tenth Circuit for a writ of mandamus directing this Court to allow the restricted filer to file documents.  However, because many restricted filers are not well versed in the law, they may not realize they can file a petition for a writ of mandamus and thus are effectively denied meaningful access to appellate review of this Court's decisions.  Petitioner's filings subsequent to the denial of his petitions to proceed *pro se* indicate that he is not aware that he can petition the Tenth Circuit for a writ of mandamus and that he believes his only recourse is to appeal, which he cannot do because there was no civil case from which to appeal.

> I further find that Chief Magistrate Judge Molzen's Order, Doc. 1, directing the Clerk to open a general civil case containing all the documents submitted by Petitioner Edwards remedies both the ineffectiveness and the potentially impermissible limit on meaningful access to the Court under the Court's current procedure in this case.  If Petitioner does not cause an attorney to enter an appearance on Petitioner's behalf, then the Court will likely dismiss the case and

will not need to divert significant Court resources to reviewing additional documents filed by Petitioner, except perhaps a Rule 59 motion to alter or amend the judgment.  Petitioner will then have the opportunity to appeal this Court's decisions.

Finally, I find that the primary difference between the Tenth Circuit's restricted filer procedure and this Court's procedure is that the Tenth Circuit opens a case when the restricted filer files a notice of appeal, whereas this Court does not open a general civil case when a restricted filer submits a petition to proceed *pro se*.  I have not found any sound reason in law to deviate from the general procedure of opening a case when a person wishes to initiate a case.[FN2]  If the person is a restricted filer, and his or her petition to proceed *pro se* is denied, then the restricted filer may have an attorney enter an appearance on his or her behalf.  If an attorney does not enter an appearance, then the case can be dismissed, similar to the Tenth Circuit's procedure.

> FN2.  The Court opens a general civil case when a *pro se* party submits a complaint but does not pay the filing fee or file an application to proceed *in forma pauperis*.  In those cases where the plaintiff mails the complaint, the Court has entered an order instructing the plaintiff to either pay the filing fee or file an application to proceed *in forma pauperis*, and notifying plaintiff that failure to comply may result in dismissal of the case without prejudice.  When the plaintiff files the complaint in person, the Clerk's intake staff notify the plaintiff of the requirement to pay the fee or to apply for *in forma pauperis* status.

Doc. 18 at 4-6.  Judge Vidmar provided a summary example of the Tenth Circuit's restricted filer procedure:

> The docket in *Cotner v. McCollum*, No. 14-6127, illustrates the procedure used by the 10th Circuit for Mr. Cotner, who is a restricted filer.  That procedure is summarized as follows:
>
> 6/13/14        Notice of Appeal filed.  10th Cir. opens appellate case.
>
> 6/16/14        Clerk enters order *sua sponte* instructing Cotner to (i) pay filing fee in full or show why the three-strikes provision of the IFP statute does not apply, AND (ii) cause a licensed attorney to enter an appearance or file a petition to proceed pro se.  Order gives notice that case will be dismissed if Cotner does not timely comply with both requirements.
>
> 6/30/14        Cotner files petition to proceed pro se.

7/11/14  Chief Circuit Judge files (docket says filed by Chief Circuit Judge, signature line says "entered for the court" by the Clerk, signed by counsel to the Clerk) order denying petition to proceed pro se and instructs Cotner to, within 21 days, (i) cause a licensed attorney to enter an appearance on Cotner's behalf, and (ii) pay the full $505.00 filing fee. The order states that unless both conditions are satisfied within the 21 days, the matter will be dismissed without further notice pursuant to Tenth Circuit Rule 42.1 [dismissal for failure to prosecute].

      Cotner does not respond to the 7/11/14 Order.

8/5/14   Order by Clerk dismissing case for lack of prosecution.

Doc. 18 at 4. Judge Vidmar then recommended that:

> the Court consider modifying its current restricted filer procedure to be consistent with the Tenth Circuit's procedure, i.e. open a general civil case when a restricted filer submits a petition to proceed *pro se*. The Clerk apparently determines whether each person seeking to initiate a case is a restricted filer, because the Clerk routes petitions filed by restricted filers to the Chief Magistrate Judge for review instead of opening a case. If the Clerk would open a case and include a staff note that the filer is restricted, then the case could be handled in a manner similar to that when a non-restricted *pro se* filer seeks to proceed *in forma pauperis*. The Magistrate Judge assigned to the case can grant the petition if appropriate; otherwise the District Judge assigned to the case can deny the petition. I also recommend that the Court confer with the Clerk to discuss any proposed modifications to the current procedure before implementing those modifications.

Doc. 18 at 6.

  Petitioner filed a Objections to Judge Vidmar's PFRD. *See* Doc. 20. Petitioner states that "the adoption of the 10th Circuit Court's procedures is a great idea," and that "the adopting of the 10th [Circuit] procedures with constitutional care is welcome." Objections to Judge Vidmar's PFRD at 4-5. The bulk of Petitioner's Response consists of objections to the filing restrictions the Court has imposed on Petitioner, the denial of his petition to proceed *pro se*, and the requirement that Petitioner cause an attorney to enter an appearance on his behalf with the failure to do so resulting in the dismissal of this case.

The Court will overrule Petitioner's objections regarding his filing restrictions, denial of his petitions to proceed *pro se*, and the requirement that he cause an attorney to enter an appearance on his behalf.  Those objections are specific to Petitioner's case and are not relevant to Judge Vidmar's PFRD which addresses whether the current restricted filer procedure is effective and permissible.  Furthermore, Judge Vidmar found that Judge Molzen's Order remedied the potentially impermissible limit on Petitioner's meaningful access to the Court under the Court's current procedure in this case.  The Court will sustain that portion of Petitioner's objections that is consistent with Judge Vidmar's recommendation that the Court consider modifying its current restricted filer procedure to be consistent with the Tenth Circuit's procedure.

The Court will adopt Judge Vidmar's Proposed Findings and Recommended Disposition. The Court will "consider modifying its current restricted filer procedure to be consistent with the Tenth Circuit's procedure" and will "confer with the Clerk to discuss any proposed modifications to the current procedure before implementing those modifications."

**IT IS ORDERED** that Petitioner' Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 14, filed September 3, 2015, is **GRANTED.**

**IT IS ALSO ORDERED** that Petitioner's Response to Recommended Disposition, Doc. 20, filed October 7, 2015, is **SUSTAINED in part** and **OVERRULED in part.**

**IT IS FURTHER ORDERED** that United States Magistrate Judge Stephan M. Vidmar's Proposed Findings and Recommended Disposition, Doc. 18, filed September 22, 2015, is **ADOPTED.**

**IT IS FINALLY ORDERED** that this case is **DISMISSED without prejudice.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

9